HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW MILTON,               )
                             )  Case No. 2:16-cv-00554-RAJ
    Plaintiff,                )
                             )  ORDER
    v.                       )
                             )
UNITED STATES INTERNAL REVENUE )
SERVICE,                     )
                             )
    Defendant.               )
_____)

This matter comes before the Court on the Government's Motion to Dismiss. Dkt. # 12. Plaintiff opposes the motion. Dkt. ## 16, 17. For the reasons that follow, the Court DENIES the motion.

**I.    BACKGROUND**

Plaintiff failed to file his income tax return in 2000. After assuming power of attorney in 2013, Plaintiff's wife filed a late tax return in 2014 to account for Plaintiff's income tax liabilities from 2000. Dkt. # 1 (Complaint) at 2-3. The return claimed a refund for $585,559.46. *Id.* The Internal Revenue Service ("IRS") denied the refund,

ORDER - 1

stating it was outside the statute of limitations. *Id.* Plaintiff then sued the IRS for this refund.

Defendant argues that Plaintiff filed his late return and refund claim in violation of 26 U.S.C. § 6511(b)(2)(A) and therefore this Court lacks subject-matter jurisdiction over the claims. Dkt. # 12. Defendant moves the Court to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1).

## II.   LEGAL STANDARD

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id.* Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. U.S.*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *see also McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review

any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

### III. DISCUSSION

Plaintiff may not maintain a suit against the United States unless sovereign immunity has been waived. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). The United States has waived sovereign immunity in lawsuits where the plaintiff seeks to recover "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1343(a)(1). However, the Internal Revenue Code limits the ability of a taxpayer to file suit to recover a tax refund. 26 U.S.C. § 7422(a). Specifically, § 7422 requires taxpayers to "duly file" their claims for refunds or credits prior to seeking resolution in a federal district court. *Id.* Failure to "duly file" such claims divests the federal courts of jurisdiction over these lawsuits. *Yuen v. U.S.*, 825 F.2d 244, 245 (9th Cir. 1987); *see also N. Life Ins. Co. v. U.S.*, 685 F.2d 277, 279 (9th Cir. 1982). A claim is timely if it is filed within three years of the time the return was filed or within two years of when the tax was paid, whichever is later. 26 U.S.C. § 6511(a).

Plaintiff waited until January 2014 to file his tax return for his income tax liabilities from 2000. Dkt. # 12-3. Plaintiff asserts that he filed a subsequent late return in May 2014 for the same tax liabilities from 2000. Dkt. ## 16 at 2, 12-2 at 6. Defendant concedes that the late return filed in 2014 constitutes both a return and a refund claim. Dkt. # 12 at 2-3. Accordingly, Defendant appears to concede that Plaintiff meets the

ORDER - 3

requirements of § 6511(a) because Plaintiff "duly filed" his refund claim within three years of his tax return. Because Plaintiff meets § 6511(a)'s time limitation, this Court may exercise jurisdiction over the lawsuit. This interpretation is supported by case law, legislative history, and IRS guidance. *See Omohundro v. U.S.*, 300 F.3d 1065 (9th Cir. 2002) (finding that the district court had jurisdiction over plaintiff's claim even though she filed her 1993 tax return in 1997); *see also* Rev. Rul. 76-511, 1976-2 C.B. 428 (1976).

Defendant offers no authority to prove that § 6511(b)(2)(A)—the "lookback" period—has any bearing on subject-matter jurisdiction. The remaining arguments in Defendant's brief are more appropriately analyzed in a motion for summary judgment. Federal Rule of Civil Procedure 12(d) grants the Court discretion to read a motion to dismiss for failure to state a claim as a motion for summary judgment, but does not grant this discretion with regard to a motion to dismiss for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(d). Accordingly, the Court expresses no view on the merits of the remaining arguments, as they are not properly before the Court. Defendant, however, is free to raise them in the appropriate motion.

Finally, Defendant suggests that Plaintiff incorporate his second claim into his first claim. Dkt. # 12 at 12. Plaintiff agrees. Dkt. # 16 at 2. The Court therefore grants Plaintiff leave to amend his complaint to incorporate his second claim into his first claim. Plaintiff must do so within ten (10) days from the date of this Order.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Dkt. # 12. **Plaintiff has ten (10) days from the date of this Order to amend his complaint as described above.**

Dated this 8th day of May, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER - 5