HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW MILTON,  )
                                  )
           Plaintiff,      )
                                  )
    v.                         )
                                  )
UNITED STATES INTERNAL REVENUE )
SERVICE,  )
                                  )
          Defendant.     )
_____)

Case No. 2:16-cv-00554-RAJ

ORDER

This matter comes before the Court on the Government's Motion for Reconsideration. Dkt. # 20. For the reasons that follow, the Court **GRANTS** the motion.

## I. BACKGROUND

Plaintiff failed to file his income tax return in 2000. Plaintiff's wife assumed power of attorney in 2014 and filed a late tax return to account for Plaintiff's income tax liabilities in 2000. Dkt. ## 1 (Complaint) at 2-3, 17-1. The return claimed a refund for $585,559.46. *Id.* The Internal Revenue Service ("IRS") denied the refund, stating it was outside the statute of limitations. *Id.* Plaintiff then sued the IRS for this refund.

ORDER - 1

Defendant argued that Plaintiff filed his late return and refund claim in violation of 26 U.S.C. § 6511(b)(2)(A) and therefore this Court lacked subject-matter jurisdiction over the claims. Dkt. # 12. Defendant moved the Court to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1). The Court found that it had jurisdiction over the matter because Plaintiff met his burden under § 6511(a), concluding that § 6511(b)(2)(A) was not a jurisdictional obstacle. The Government now moves the Court to reconsider this decision.

## II.  LEGAL STANDARD

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1).

## III.  DISCUSSION

### A. Plaintiff is outside the "look-back" period

Having reviewed and reconsidered the Government's previously cited cases, the Court finds that § 6511(b)(2)(A) is jurisdictional. *C.I.R. v. Lundy*, 516 U.S. 235, 240 (1996) (finding that § 6511 "contains two separate provisions for determining the timeliness of a refund claim"—the filing deadline and the "look-back" period—that are jurisdictional prerequisites to bringing suit); *Reynoso v. U.S.*, 692 F.3d 973, 982 (9th Cir. 2012) (though procedurally different from the instant suit, the court in *Reynoso* found that "§ 6511(b)(2)(A) is jurisdictional in nature and cannot be waived."); *Zeier v. U.S. I.R.S.*, 80 F.3d 1360, 1364 (9th Cir. 1996) (finding that § 6511(b)(2)(A) is jurisdictional).

ORDER - 2

Plaintiff filed two tax returns in 2014 for his income tax liabilities in 2000. Dkt. ## 12, 16. Plaintiff simultaneously claimed refunds for taxes he overpaid in 2000. Dkt. # 1 (Complaint). However, § 6511(b)(2)(A)'s look-back period allows taxpayers to claim refunds for taxes paid within the three years immediately preceding the filing of the claim. 26 U.S.C. § 6511(b)(2)(A); *see also Reynoso*, 692 F.3d at 978 ("Thus, '[§ ] 6511(b)(2)(A) provides that a claim for credit for an overpayment of tax may not be asserted for an overpayment which was paid more than 3 years [plus any allowed extension time] prior to the claim.'") (quoting *Chemical Bank N.Y. Trust Co. v. U.S.*, 275 F.Supp. 26 (S.D.N.Y. 1967)). By filing his return in 2014, Plaintiff could only seek refunds for overpayment of taxes he paid from 2011-2014. Plaintiff's claim is therefore outside the statutory period.

B. Tolling under 26 U.S.C. § 6511(h)

Plaintiff alleges that he "suffered from a financial disability that made him unable to deal with financial or business matters" from 2000 to 2013. Dkt. # 1 (Complaint) at 2. He claims that he therefore falls within § 6511(h)'s tolling provision that suspends the time bar in § 6511(b)(2)(A) for individuals who are financially disabled. According to § 6511(h), an individual is "financially disabled" if such individual:

> is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered

ORDER - 3

> to have such an impairment unless proof of the existence
> thereof is furnished in such form and manner as the Secretary
> may require.

26 U.S.C. § 6511(h)(2)(A). "An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters." 26 U.S.C. § 6511(h)(2)(B).

The Internal Revenue Service (IRS) sets forth the two requirements for claiming a financial disability under § 6511(h) in Revenue Procedure 99-21. The requirements include a written statement from a physician and a written statement from the taxpayer. Rev. Proc. 99-21, 1999-1 C.B. 960 (1999). To qualify as a physician under Revenue Procedure 99-21, one must be a doctor of medicine or osteopathy, a doctor of dental surgery or dental medicine, a doctor of podiatric medicine, a doctor of optometry, or a licensed chiropractor. 42 U.S.C. § 1395x(r).

Plaintiff submitted a statement from Tim Liddle, a "MA, LMHC, MAC." Dkt. # 17. None of these designations qualify as a physician as defined by § 1395x(r). Moreover, Plaintiff's cited authorities do not consider whether a statement made by someone who is not a physician, as that term is defined by § 1395x(r), is merely a technical deficiency or a fatal error. This Court finds it to be a fatal error. Congress deliberately drafted the definition of "physician" narrowly, and the Court will not disturb that decision. *Lai v. Ipson*, No. 1:09-CV-02086AWIGSA, 2010 WL 843259, at \*7 (E.D. Cal. Mar. 10, 2010), *report and recommendation adopted*, No. 1:09-CV-02086AWIGSA, 2010 WL 2698515 (E.D. Cal. July 7, 2010), *vacated* (July 13, 2010), and *report and*

ORDER - 4

*recommendation adopted*, No. 1:09-CV-02086 AWI, 2010 WL 8911749 (E.D. Cal. Sept. 7, 2010), *aff'd*, 474 F. App'x 595 (9th Cir. 2012) (finding that "Congress could have used more general language" when drafting § 6511(h) "but it chose not to.") (internal citations omitted). Accordingly, Plaintiff failed to satisfy his burden to show a financial disability under § 6511(h). The Court therefore lacks subject-matter jurisdiction over his claim for a refund.

In its Motion to Dismiss, the Government argued that Plaintiff's claim for wrongful levy should be incorporated into his first claim. Dkt. # 12 at 12-13. Plaintiff states that he "has no issue with this action." Dkt. # 16 at 2. Therefore, if Plaintiff concedes that his second claim should be styled as one for a refund, then this claim fails for lack of subject-matter jurisdiction under the same analysis performed above. Finding it lacks subject-matter jurisdiction over Plaintiff's claims, the Court **GRANTS** Defendant's motion to dismiss. Dkt. # 12.

### IV. CONCLUSION

Having revisited the briefing, the Court finds that manifest error would result in not reconsidering its prior ruling. Therefore, the Court **GRANTS** Defendant's motion for reconsideration. Dkt. # 20. Upon reconsideration, the Court **GRANTS** Defendant's motion to dismiss for lack of subject-matter jurisdiction. Dkt. # 12.

Dated this 14th day of June, 2017.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 5