HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW MILTON, )
)  Case No. 2:16-cv-00554-RAJ
    Plaintiff, )
)  ORDER
    v. )
)
UNITED STATES INTERNAL REVENUE )
SERVICE, )
)
    Defendant. )
_____)

**I.    INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. # 24. For the reasons that follow, the Court **DENIES** the motion.

**I.    LEGAL STANDARD**

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1).

ORDER - 1

## II. DISCUSSION

The facts of this case are familiar to this Court and the parties, and the Court will not reiterate them here. Plaintiff seeks reconsideration because (1) the Court granted the Government's motion for reconsideration (Dkt. ## 20, 22) without allowing Plaintiff to object, and (2) Plaintiff claims that new authority has surfaced that impacts whether his counselor's statement is a "physician" statement for purposes of Revenue Procedure 99-21. Dkt. # 24.

Plaintiff's first argument falls flat. Plaintiff does not deny that the cited legal authority supports the jurisdictional conclusion, which it does. *See* Dkt. # 22. Moreover, were the Court to reconsider its decision based solely on the fact that it did not take into account Plaintiff's objection, the jurisdictional matter would still be at issue in light of binding precedent. This circumstance simply does not reach the level of manifest error required by LCR 7(h)(1). Therefore, the Court denies Plaintiff's motion on the grounds that he was unable to object to the Government's prior motion.

Plaintiff argues that he discovered new authority that questions the "physician" requirement under Revenue Procedure 99-21. Plaintiff cites to a Report and Recommendation from a district court outside this circuit. Dkt. ## 24, 26. In that case, the Government has filed strong objections to the Report and Recommendation and the district court judge has not yet ruled on the issue. *See* Report and Recommendation, *Stauffer v. Internal Revenue Service*, No. 1:15-cv-10271-MLW (D. Mass. Feb. 14, 2017), ECF No. 28. This filing is not binding authority.

Plaintiff's argument fails even if the Court were to consider the Report and Recommendation pending in *Stauffer*. There, the magistrate judge discussed varying levels of agency deference, citing *Chevron U.S.A., Inc. v. Natural Resource Defense Council*, 467 U.S. 576 (2000) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *Id.* at 8-10. This kind of analysis—that is, whether to defer to agency interpretation or not—is not new, and Plaintiff could have made these arguments in his initial response to the Government's motion to dismiss. Therefore, Plaintiff fails to meet his burden under LCR 7(h)(1).

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration. Dkt. # 24.

Dated this 16th day of August, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 3